■ In the Matter of the Claim of JOSEPH BLUMENTHAL, Respondent, v. RENRELE PAINTING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding compensation for disability due to the effects of an accidental back injury incurred when claimant bent over and lifted a can of paint weighing between 50 and 75 pounds; the accident causing herniation of a lumbar disc which required surgical intervention. Appellants contend that, upon the entire record, the board's finding of causal relationship was not established by substantial evidence. The appellants' argument rests largely upon a supposed discrepancy between the history recorded by a physician upon claimant's hospital admission and that elsewhere given; but the occurrence of the industrial accident found by the board was substantiated by the history given by claimant to four other physicians, by claimant's testimony, and by the employer's report of accident and the employer's subsequent testimony. With respect to the supposedly discrepant history, claimant offered a reasonable explanation; but, in any event, the conflict, if there was one, was for the board's determination. (See, e.g., Matter of Luftig v. Stevenson Pie Co., 23 A D 2d 920, 921, affd. 18 N Y 2d 734.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.